UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, DARIN JEFFERS,
MICHAEL BOURGAL, FRANK H. FINKEL,
MARC HERBST, THOMAS CORBETT,
ROBERT G. WESSELS and TOMASSETTI, as
Trustees and fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund, and the Local 282
Job Training Trust Fund,

                                 Plaintiffs,

             -against-

ARA PLUMBING CORP.,

                               Defendant.
------------------------------------------------------------------X

FOR ONLINE PUBLICATION ONLY

FILED
CLERK
1/6/2026 8:51 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
25-cv-2010 (JMA) (LGD)

**AZRACK, United States District Judge:**

Before the Court is a motion for default judgment filed pursuant to Fed. R. Civ. P. 55(b) by Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Darin Jeffers, Michael Bourgal, Frank H. Finkel, Marc Herbst, Thomas Corbett, Robert G. Wessels and Rocco Tomassetti, in their role as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, and the Local 282 Job Training Trust Fund ("Plaintiffs"), against Defendant ARA Plumbing Corp. (See ECF No. 8.) Plaintiffs allege that Defendant violated Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Compl., ECF No. 1.) For the following reasons, the Court GRANTS Plaintiffs' motion for default judgment.

# I. DISCUSSION

**A.  Defendant ARA Plumbing Corp. Defaulted**

The record reflects that Defendant was properly served in this action, but has not answered, appeared, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendant ARA Plumbing Corp. to be in default.

**B.  Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Based upon examination of the Complaint and motion papers, the Court finds that Plaintiffs have demonstrated that the uncontroverted allegations establish Defendant's liability for employee benefit fund delinquencies to the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, and the Local 282 Job Training Trust Fund, under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185(a). See Gesualdi v. Cropsey Scrap Iron & Metal Corp., No. 24-cv-03687, 2025 WL 1589244, at *1 (E.D.N.Y. June 5, 2025).

**C.  Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc.

v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Section 515 of ERISA, 29 U.S.C. § 1145, is designed to "promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies." Iron Workers Dist. Council of W. New York and Vicinity Welfare Pension Funds v. Hudson Steel Fabricators and Erectors, Inc., 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502 of ERISA sets forth the damages that are recoverable for an employer's failure to remit the contributions that are required under Section 515 of ERISA. Section 502(g)(2) of ERISA provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A);
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and
> (E) such other and further relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Section 502(g) entitles the plans to recover money owed on unpaid audits, interest on the unpaid audits, unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. Id.; Benson v. Brower's Moving and Storage, Inc., 726 F. Supp. 31, 36 (E.D.N.Y. 1989), aff'd, 907 F.2d 310 (2d Cir. 1990) (noting that "[t]here is no

3

question that Section 502(g)'s remedies are mandatory").

Based upon a review of affidavits and other documentary evidence, see Transatl. Marine Claims Agency, Inc., 109 F.3d at 111, the Court finds that the Plaintiffs have established damages in the following amounts:

   i.   For the period of August 2024 to June 2025: estimated unpaid contributions of $83,692.52;[1] interest on those unpaid contributions of $11,571.07;[2] and liquidated damages on those unpaid contributions of $16,738.50, for a total of **$112,002.09**.

   ii.  Interest due on late-paid contributions for May 2024 through July 2024 in the amount of $336.05; and liquidated damages on late-paid contributions in the amount of $3,455.61, for a total of **$3,791.66**.[3]

   iii. Interest due on late-paid contributions for period February 2024 through April 2024 in the amount of $1,325.20; and liquidated damages on late-paid contributions in the amount of $1,325.20, for a total of **$2,650.40.**

For a sum total of **$118,444.15**.

**D.   Attorney's Fees and Costs**

Plaintiffs also request an award of reasonable attorney's fees and costs in the amount of $6,645.50 pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and Article IX, Section 3(a) of the Trust Agreement. (See ECF No. 9 ¶¶ 34, 51(5).) "ERISA 'mandates the

---

[1] Because Defendant failed to submit required remittance reports pursuant to the Collective Bargaining and Trust Agreements reporting all hours worked in covered employment, Plaintiffs are entitled to estimate unpaid contributions pursuant to Article IX, Section 1(e) of the Trust Agreement. (See ECF No. 10-1 at 25–26.) "The affidavits setting forth application of this formula and other documentation provided by Plaintiffs are sufficient evidence to award Plaintiffs damages for the unpaid estimated contributions." Gesualdi v. Reid, No. 19-cv-4132, 2021 WL 8316386, at *9 (E.D.N.Y. Aug. 12, 2021) (citing Gesualdi v. Acme Skillman Concrete Co., No. 16-cv-3434, 2016 U.S. Dist. LEXIS 161303, at *10–12 (E.D.N.Y. Nov. 18, 2016), report and recommendation adopted, 2017 U.S. Dist. LEXIS 57891 (Apr. 11, 2017)).

[2] Interest on the unpaid contributions for the August 2024 through June 2025 period accrued at $41.27 per day from September 1, 2025 until the date judgment was entered on January 6, 2026. This daily interest was added to the $6,329.78 in interest that had already accrued through August 31, 2025. (See ECF No. 9 at 6.)

[3] At the time that Plaintiffs filed their motion for a default judgment, Defendant owed $17,028.05 in unpaid contributions for this period, plus interest and liquidated damages. However, on October 13, 2025, Plaintiffs filed a declaration informing the Court of a $20,000 payment received from Defendants on September 25, 2025. (ECF No. 13.) That payment covered the full $17,028.05 and all but $336.05 in interest. It did not cover the $3,455.61 in liquidated damages still owed at that time. The calculation reflected here accounts for that $20,000 payment.

granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the collective bargaining agreement.'" Gesualdi v. Reid, No. 19-cv-4132, 2021 WL 8316386, at *13 (E.D.N.Y. Aug. 12, 2021) (quoting Sheet Metal Workers' Nat'l Pension Fund v. RHB Installations Inc., No. 12-cv-2981, 2015 WL 1509498, at *5 (E.D.N.Y. Mar. 31, 2015)).

To calculate attorney's fees, courts in the Second Circuit determine the reasonable hourly rate, defined as "the rate a paying client would be willing to pay[,]" and multiply that rate by the number of hours reasonably expended in prosecuting an action. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117–18 (2d Cir. 2007). To determine what a reasonable client would pay, courts consider the community in which the district court sits and look to the prevailing rates for attorneys in that field with comparable experience. See Gesualdi v. Bestech Transp., LLC, No. 14-cv-1110, 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The reasonableness of hourly rates is guided by the market rate '[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, and the relevant community is generally the district in which the court sits.") (cleaned up); Rudler v. Houslanger & Assocs., PLLC, No. 18-cv-7068, 2020 WL 473619, at *2 (E.D.N.Y. Jan. 29, 2020) ("This Court follows the Second Circuit's 'forum rule,' which 'generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable rate.'"). "[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.'" Rudler, 2020 WL 473619, at *4 (quoting Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019)); see also Power Up Lending Grp., LTD. v. Cardinal Energy Grp., Inc., No. 16-cv-1545, 2023 WL 7001360, at *4 (E.D.N.Y. Aug. 18, 2023) (approving hourly rate of $400 per hour for attorney with over thirty years of experience).

5

Work in this case was done primarily by Arthur J. Muller III, Esq., a partner at Trivella & Forte, LLP along with legal assistants. (See ECF No. 9.) Muller and his assistants worked at an hourly rate of at most $345.00, for a total of approximately 18.3 hours. (Id.) The Court finds that these fees are in line with other awards in the Eastern District and are thus presumptively reasonable. Additionally, the Court has reviewed Plaintiffs' contemporaneous time records and finds that they contain a reasonable hourly rate and represent reasonable number of hours expended in this lawsuit. The Court therefore awards Plaintiff $6,078.60 in attorney's fees.

Additionally, Plaintiff requests $566.90 in costs. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." Viafara v. MCIZ Corp., No. 12-cv-7452, 2014 WL 1777438, at *15 (S.D.N.Y. May 1, 2014). Having reviewed the itemized list of costs, the Court finds Plaintiffs' request to be reasonable. The Court therefore awards $599.60 in costs to Plaintiffs.

## II.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs are entitled to a default judgment against Defendant ARA Plumbing Corp. Plaintiffs are awarded damages in the amount of $118,444.15 and $6,645.50 in attorney's fees and costs.

**SO ORDERED.**
Dated:   January 6, 2026
             Central Islip, New York

                                                                          /s/ (JMA)
                                                               JOAN M. AZRACK
                                                               United States District Judge